UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL T H NORTON,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C24-5098 RSM

**SCHEDULING ORDER**

The Court **ORDERS** the following briefing schedule:

| | |
|---|---|
| Plaintiff's Opening Brief, **limited to 18 pages or 6300 words whichever is less**, is due: | **May 9, 2024** |
| Defendant's Response Brief, **limited to 18 pages or 6300 words whichever is less**, is due: | **June 8, 2024, or within 30 days of the date the opening is filed, whichever is earlier.** |
| Plaintiff's Optional Reply Brief, **limited to 9 pages or 3150 words whichever is less**, is due: | **June 22, 2024, or within 14 days of the date the response is filed, whichever is earlier.** |

These dates and page limitations are firm and can be changed only by order of the Court, not by agreement of counsel or the parties. Stipulations and motions to extend time or page limitations must be noted on the Court's calendar prior to the due date pursuant to the briefing

SCHEDULING ORDER - 1

schedules established in LCR 10(g) and LCR 7, respectively.  The Court will consider the case on written submissions unless otherwise ordered.

## BRIEFING REQUIREMENTS

**Plaintiff's Opening Brief**

(a)  Beginning on page one, Plaintiff must list the errors alleged, followed by a clear statement of the relief requested.  General statements such as "the ALJ's decision is not supported by substantial evidence," are unacceptable.  The Court will not consider or rule on assignments of error that are not listed in this section of the opening brief.

(b)  Plaintiff shall provide a brief summary of the relevant procedural history and present the relevant facts in the argument section in the context of the specific errors alleged.  Plaintiff should not set forth a separate lengthy recitation of background facts or medical evidence.

(c)  The opening brief must fully explain each issue raised on page one and cite to the specific pages of the administrative record and the relevant legal authority that support each argument and request for relief.

(d)  The Court is familiar with the standard of review and the five step sequential evaluation process.  The parties should thus avoid boilerplate discussions of these standards and should focus on applying relevant and controlling legal authority to the facts of this case.

**Defendant's Response Brief**

(a)  Beginning on page one, Defendant shall indicate whether each error raised in the opening brief is disputed or undisputed.  Defendant need not address Plaintiff's procedural summary unless there is disagreement.  Subsequent sections of the response brief must respond to each disputed assignment of error and request for relief, and must cite to the specific pages of the administrative record and relevant legal authority.

**Personal Data and Formatting**

All briefs must conform to the redaction rules regarding personal data set forth in LCR 5.2 and to the formatting requirements set forth in LCR 10.

In addition, all briefs must use the Bates number stamped on the lower right-hand corner of each page when citing to specific pages of the administrative record.

**The Court may strike or return for correction briefs not conforming to this Order.**

DATED this 9th day of April, 2024.

Ricardo S. Martinez
United States District Judge