UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL T H N.,

                 Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C24-5098 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the Administrative Law Judge (ALJ) erred by rejecting his symptom testimony, improperly evaluating medical opinion evidence, and assessing a residual functional capacity (RFC) unsupported by substantial evidence. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 45 years old, has at least a high school education, and has worked as a warehouse worker. Admin. Record (AR) 20–21. In September 2020, Plaintiff applied for benefits, alleging disability as of January 1, 2016. AR 140, 158. Plaintiff's application was denied initially and on reconsideration. AR 155, 176. After the ALJ conducted a hearing in February 2023 (AR 69–114), the ALJ issued a decision finding Plaintiff not disabled. AR 7–27.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Symptom Testimony

Plaintiff testified he is unable to work around others because of his short temper and intolerance. AR 86–87. He explained his anger issues have led to physical altercations with coworkers. AR 100–02. He also stated he has trouble with understanding and with his memory. AR 107. He explained he has not had treatment during the relevant period because he does not feel comfortable talking to professionals and medication interferes with his thought processes. AR 84.

Plaintiff also testified his heart condition causes lethargy for five to six days. AR 103. He testified he has low back pain on a daily basis. AR 90. He stated he cannot carry more than 10 pounds, and bending and kneeling is "almost impossible." AR 92. He explained he can stand or walk without assistance for 20 to 25 minutes and sit for 40 minutes, but needs to recline for two to three hours in an eight-hour workday. AR 102–03. Plaintiff also testified to having some pain and numbness in his hands. AR 104.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Here, in assessing Plaintiff's testimony, the ALJ found Plaintiff's statements concerning the severity of his symptoms "not entirely consistent" with the record. AR 16, 18.

### a. Mental Health Symptoms

In rejecting Plaintiff's testimony regarding his mental health, the ALJ first pointed to his "generally normal" psychological examinations. AR 17. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Evidence cited by the ALJ includes an examination showing Plaintiff was interactive with normal stream of mental activity, speech, attitude, behavior, and conversation, as well as appropriate mood. AR 390. Plaintiff argues the ALJ's reference to this examination is faulty given it shows that he reported having hallucinations, Dkt. 8 at 5–6, but the ALJ also pointed to another examination where Plaintiff's evaluator observed "no evidence of perceptual disturbance or delusional thinking" or evidence of symptoms of schizophrenia or schizoaffective disorder. AR 495. In this second examination, Plaintiff was also observed as oriented to person, place, and time, able to participate appropriately in his evaluation, and had no difficulty with complex ideational material. AR 494. Evidence cited by the ALJ also includes Plaintiff's medical appointments where he reported no depression and consistently presented with appropriate mood and affect, and normal behavior, judgment, and thought content. AR 403, 510, 1196, 1205, 1215, 1225, 1234, 1244, 1253, 1263.

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

Given the content of Plaintiff's longitudinal record, the ALJ reasonably found Plaintiff's mental health symptom testimony not as severe as alleged.

The ALJ next pointed to Plaintiff's activities of daily living. AR 17. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina,* 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ did not explain how Plaintiff's ability to perform household chores, drive, shop, use his computer, and spend time with family necessarily undermines his testimony. These were activities Plaintiff himself testified to, therefore in rejecting Plaintiff's testimony based on his activity level, the ALJ erred.

The ALJ also pointed to Plaintiff's lack of psychological treatment. AR 17. The ALJ "will consider and address reasons [provided by the claimant] for not pursuing treatment." Social Security Ruling 16-3p. "[A]n 'unexplained, or inadequately explained, failure to seek treatment' may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Plaintiff testified that while he had previously participated in therapy and took medication for 10 years, he did not continue to do so during the relevant time period because of his discomfort with professionals and because medication interfered with his thought processes. AR 84. The ALJ did not address these reasons, therefore the Court cannot say the ALJ reasonably rejected Plaintiff's testimony based on his lack of treatment.

        b.      **Physical Symptom Testimony**

In rejecting Plaintiff's physical symptom testimony, the ALJ pointed to treatment notes showing Plaintiff's recovery from his cardiovascular condition and his "routine" follow up examinations. AR 17–18. The effectiveness of medication and treatment are relevant to the

evaluation of a claimant's alleged symptoms.  20 C.F.R. § 416.929(c)(3).  Records following Plaintiff's heart failure show he reported fatigue and limited ability with walking, but he also reported no chest pain, palpitations, syncope, or lightheadedness.  AR 444, 463.  Additionally, his lungs were clear, his breathing sounds and effort normal and unlabored, and his cardiovascular findings normal.  AR 448, 466.  Plaintiff's providers also recommended that he engage in exercise.  AR 467.  More recent records show Plaintiff's ejection fraction improved, normal respiratory and cardiovascular findings, and Plaintiff himself reported less fatigue and less limitation with his ability to walk.  AR 1221, 1225, 1228, 1230, 1234, 1240, 1244, 1247, 1249–50, 1253, 1258–59, 1263.  In his Reply,[1] Plaintiff argues the Defendant's response "relied on a surface level analysis" and "the longitudinal record clearly establishes that the Plaintiff's condition would undoubtedly severely deteriorate should the Plaintiff even slightly increase his actively level."  Dkt. 16 at 4.  But Plaintiff presents no evidence and makes no citations throughout the record to refute the ALJ's assessment.  Plaintiff merely points to Mr. Weber's opinion, which the ALJ rejected and which rejection Plaintiff did not challenge.  *See* Dkt. 16 at 2.  "The [C]ourt will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Here, the reported improvement in Plaintiff's cardiovascular condition and normal examination findings reasonably support the ALJ's assessment that the severity of Plaintiff's cardiovascular condition is not as severe as alleged.

In rejecting the rest of Plaintiff's physical symptom testimony, the ALJ pointed to his physical examinations and imaging of his knee and lumbar spine.  AR 17–18.  The evidence

---

[1] Plaintiff's Reply brief does not comply with the briefing requirements provided in the Court's Scheduling Order.  *See* Dkt. 7 at 3.  In the future, Plaintiff's counsel shall take care to review and comply with the Court's briefing requirements.

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

shows full strength in Plaintiff's extremities, no abnormal neurological findings, and only mild to moderate findings with his knee and lumbar spine. AR 837–38, 1157–59, 1162–63, 1188, 1191, 1196, 1215, 1225, 1234, 1244, 1253, 1263. The record also shows Plaintiff himself reported no weakness or numbness with his extremities. AR 1215, 1225, 1234, 1244, 1253, 1263. The ALJ also highlighted Plaintiff's physical therapy sessions. AR 18. Treatment notes show Plaintiff initially presented with decreased range of motion of the lumbar spine, though his neurological exam showed normal movement. AR 1159–64. Following his therapy sessions, however, Plaintiff eventually reported no back pain. AR 1171–84. Plaintiff objects to the ALJ's assessment and points to his reports of fatigue and back pain, but Plaintiff's citations fail to show the ALJ's assessment was not reasonable. Dkt. 8 at 5. For example, some of Plaintiff's citations were from prior to his therapy sessions, or they directly show Plaintiff reported "0/10" on the pain assessment scale. AR 1157–71. The subjective reports Plaintiff also refer to were accompanied by objective findings showing "unremarkable" musculoskeletal findings, full range of motion, no tenderness, as well as recommendations for further exercise. *See* AR 466–67, 1276–78, 1281–86. The normal results from Plaintiff's examinations and imaging, as well as the reported improvement from Plaintiff's therapy sessions reasonably support the ALJ's assessment that the severity of Plaintiff's physical symptoms is not as severe as alleged.

      In sum, because the ALJ provided at least one valid reason, supported by substantial evidence, to reject Plaintiff's testimony regarding both his physical mental health symptoms, the ALJ did not harmfully err. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Medical Opinion Evidence

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. § 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. § 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. § 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022).

#### a. Dr. Ruddell

Dr. Ruddell diagnosed Plaintiff with major depression and homelessness or inadequate housing, and opined Plaintiff has mostly moderate to marked limitations in performing basic work activities. AR 388–89. The ALJ found this opinion "not persuasive" because Dr. Ruddell relied primarily on Plaintiff's reports and did not provide a detailed explanation to support her opinion. AR 19. Plaintiff agrees the opinion was based heavily on his reports, but argues it is "not problematic as the ALJ has failed to demonstrate that the Plaintiff's allegations were not credible." Dkt. 8 at 8.

When assessing a medical opinion's supportability, the ALJ considers the supporting relevant objective medical evidence and supporting explanations. 20 C.F.R. § 416.920c(c)(1).

Objective medical evidence, in the context of mental assessments, can include the claimant's responses to clinical interviews. *Buck v. Berryhill*, 869 F. 3d 1040, 1049 (9th Cir. 2017). But an opinion "'premised to a large extent upon the claimant's own accounts of his [or her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair*, 885 F.2d at 605). A review of Dr. Ruddell's evaluation shows the physician did not consider any of Plaintiff's medical records and the information contained therein "represents client report." AR 387. As discussed above, the ALJ permissibly rejected Plaintiff's symptom testimony, therefore in rejecting Dr. Ruddell's opinion based on its lack of supportability, the ALJ did not err.

Even if the ALJ's supportability analysis was insufficient, the ALJ's consistency analysis was supported by substantial evidence. *See Woods*, 32 F.4th at 794 (affirming the ALJ's rejection of a medical opinion based on the inconsistency factor alone). The ALJ noted Plaintiff reported no depression and consistently presented with normal mood, affect, behavior, judgment, and thought content through most of the relevant period, undermining Dr. Ruddell's opinion. AR 403, 494–95, 509–10, 1196, 1206, 1215, 1225, 1234, 1244, 1253, 1263. In rejecting Dr. Ruddell's opinion, the ALJ did not err.

              **b.**    **Dr. Ledesma**

Dr. Ledesma opined Plaintiff does not have the ability to psychologically perform simple, repetitive tasks. AR 496. Dr. Ledesma also opined that Plaintiff's "reported difficulty managing symptoms of depression, anxiety, ADHD and substance abuse have led to a history of inability to maintain employment and secure basic resources." *Id*. Dr. Ledesma further stated, "these symptoms and health condition make performing detailed and complex tasks not possible." *Id*. Dr. Ledesma also opined Plaintiff "would have some difficulty interacting with co-workers and

the public; and would have difficulty accepting instructions from supervisors due to on-going irritability, anxiety, agitation, and on-going symptoms of possible ADHD."[2] *Id*.

In rejecting Dr. Ledesma's opinion, the ALJ noted the "doctor's own exam was generally normal." AR 19. The ALJ's assessment is reasonable. Dr. Ledesma observed Plaintiff was able to participate appropriately in the evaluation, was oriented to person, place, and time, and forthright in his answers. AR 494. Dr. Ledesma also found Plaintiff's speech normal, and he had no difficulty with complex ideational material. *Id*. While Dr. Ledesma did note Plaintiff displayed "deficits in focus and concentration," the physician also found him to be an adequate historian with an adequate fund of knowledge. AR 494–95. Dr. Ledesma also observed "no evidence" of delusion thinking or symptoms of schizophrenia or schizoaffective disorder. AR 495. Overall, Dr. Ledesma's own observations substantially undermines her opinion about the impact of Plaintiff's mental health on his work functionalities. In rejecting Dr. Ledesma's opinion based on its lack of support, the ALJ did not err.

The ALJ also did not err in finding Dr. Ledesma's opinion inconsistent with the record. AR 19. As discussed above, the ALJ noted Plaintiff reported no depression and consistently presented with normal mood, affect, behavior, judgment, and thought content in other examinations through most of the relevant period, undermining Dr. Ledesma's proposed limitations. AR 403, 494–95, 509–10, 1196, 1206, 1215, 1225, 1234, 1244, 1253, 1263. In rejecting Dr. Ledesma's opinion, the ALJ did not err.

//

---

[2] Dr. Ledesma also opined about Plaintiff's physical abilities, but Plaintiff did not object to the ALJ's evaluation of this portion of the opinion (Dkt. 8 at 8), therefore the Court does not address it. *See Carmickle*, 533 F.3d at 1161 n. 2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (noting the reviewing court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief).

        **c.**      **Dr. Widlan**

Dr. Widlan opined Plaintiff has mild to extreme limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaptation. AR 919–21. In another evaluation, Dr. Widlan opined that based on a mental status examination and clinical interview, Plaintiff has "deficits in memory and concentration, with more significant deficits in social reasoning." AR 926. Dr. Widlan opined Plaintiff is not able to persist for simple tasks and would become easily overwhelmed by simple social stressors. *Id*.

The ALJ rejected Dr. Widlan's opinion, finding the extent of the restrictions proposed by the physician inconsistent with Plaintiff's longitudinal record. AR 20. The ALJ's assessment is reasonable. As discussed, Plaintiff himself consistently reported no depression throughout the relevant period, his medical providers consistently found his mental status normal, and Plaintiff was able to engage in activities of daily living. *See* AR 403, 494–95, 509–10, 1196, 1206, 1215, 1225, 1234, 1244, 1253, 1263. Such evidence undermines Dr. Widlan's finding that Plaintiff is seriously limited or unable to perform in the functionalities described above. Further, because the ALJ's inconsistency analysis is supported by substantial evidence, the Court cannot say the ALJ erred in rejecting Dr. Widlan's opinion. *See Woods*, 32 F.4th at 794 (affirming the ALJ's rejection of a medical opinion based on the inconsistency factor alone).

        **3.**      **Plaintiff's RFC**

Plaintiff contends the ALJ's RFC assessment is not supported by the longitudinal record. Dkt. 8 at 7. This argument is derivative of Plaintiff's contention that the ALJ failed to properly evaluate the medical opinion evidence and Plaintiff's symptom testimony. *See id*. Because the Court has found that ALJ did not err in assessing the relevant evidence, Plaintiff's argument fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an ALJ

has no obligation to include limitations in the RFC that are based on properly rejected opinions and testimony).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 19th day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE